[Civil No. 3433. Filed October 15, 1934.]

[36 Pac.. (2d) 566.]

B. W. ERNST and MARIE U. ERNST, His Wife, Appellants; v. JESSE MORGAN, Appellee.

Mr. W. F. Dains, for Appellants.

Mr. John C. Lee, for Appellee.

LOCKWOOD, J.—This is an appeal by B. W. Ernst and Marie U. Ernst, his wife, hereinafter called defendants, from a judgment in favor of Jesse Morgan, hereinafter called plaintiff.

The assignments of error raise but one question for our consideration, and that is whether the evidence is sufficient to support the judgment. The facts in the case, as under our usual rule we must

take them to be, may be stated briefly as follows: Some time in the latter part of the year 1928 or the early part of 1929, defendants were the owners of twenty acres near Phoenix, which were planted to citrus fruit. At that time they employed plaintiff to care for the land, performing all necessary labors thereon, and agreed to pay him the sum of $100 per month for his services, and to furnish him a house in which to live, and a small tract of land whereon he might grow small truck and vegetables. Plaintiff duly performed this work during the year 1929 and was paid the agreed price therefor. Close to defendants' land was another ten-acre tract planted to citrus, which may be called the Seymore tract. This had been cared for by a man named Wagenseil, but in the late fall of 1928 he died and defendants agreed to see the place was looked after. Ernst therefore asked plaintiff to care for it in addition to their own place, and agreed to divide with plaintiff whatever he might make out of the fruit from the Seymore place. Plaintiff did care for both places during the year 1929 and was paid his regular wages of $100 per month and in addition thereto $38, which he presumed to be half of the profit from the Seymore place. Early in 1930 Ernst informed plaintiff that for that year they would pay him his regular salary for caring for their place, and $200 per year for the care of the Seymore place, and in addition thereto 10 per cent. of the net profit of the fruit produced on both places. Plaintiff was paid his regular $100 per month during 1930, and in the latter part of that year the $200 which he had been promised for taking care of the Seymore place, but nothing on account of the fruit. He continued caring for both places during the year 1931 without

anything further being said in regard to the amount to be paid therefor, but at the end of that year Ernst told him that defendants were a little short of money and asked him to wait for his $200 due him for that year, saying that they would settle with him when the fruit was sold. Plaintiff continued caring for both places during the years 1931 and 1932, receiving his $100 per month, but nothing further on the $200 per year additional compensation for caring for the Seymore place nor on the net profits from the fruit. In the latter part of 1932 defendants told plaintiff they would have to cut his monthly pay considerably, to which plaintiff replied that if he had to take that cut he would have to ask for the back pay due for caring for the Seymore place. The parties could not come to an agreement in regard to this, and plaintiff ceased work for defendants on January 1, 1933. During this period plaintiff also cared for the ranch of one Alexander for six months, during which period he received from the latter $210 for such work. When plaintiff finally ceased work for defendants, there was due him at least $50 balance on his monthly salary for the work performed on defendants' place, and $400 for the two years' work done on the Seymore place for which he had not been paid, being a total of $450, and the trial court rendered judgment for this amount in his favor.

Of course, defendants deny having agreed to pay the $200 per year for the care of the Seymore place or any of the net profit on the fruit, but there was a conflict in the evidence on this point, and the trial court having found for the plaintiff on the issue, we are bound by such findings. It is urged, however, that even if such a promise was made there was no consideration therefor, on the theory that when a

man has agreed to do a certain thing for a fixed consideration, a voluntary promise by the other party to pay an additional sum therefor is not binding without an additional consideration. The rule of law claimed ·by defendant is undoubtedly true. *Pleasant v. Arizona Storage & Dist. Co.*, 34 Ariz. 68, 267 Pac. 794. We think, however, it has no application to the present case. The record shows that plaintiff's original agreement with defendants was a year to year one for the care of defendants' twenty acres only at a salary of $100 per month. When, at the request of defendants, plaintiff assumed the additional burden of caring for the Seymore place, their promise to pay $200 extra for such work was supported by a new and ample consideration.

It is further urged that defendants should have been given credit on any amount which they owed plaintiff for the $210 which he admittedly received from Alexander for the care of his place. This is based on the theory that when an employee receives compensation from a third party for work done for the latter during the time for which he is paid by the original employer, the amount so earned from the third party belongs to the employer. This again is a correct statement of abstract law, but it does not apply to the facts in the present case. According to the evidence, plaintiff was not employed for any specific hours or days, but merely to do a specific job for a certain price. So long as he did this work properly, we can see no reason why he should not be permitted to employ his spare time in such way as he saw fit.

There are one or two other matters argued in defendants' brief, but we think the decision of the trial

court on the weight of the evidence disposes of them without the necessity of further discussing them.

The judgment of the superior court of Maricopa county is affirmed.